```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,       )
                                )   Criminal Docket No.
        v.                      )   CR-01-0056 (CBA)
                                )
JOSEPH ANEMONE,                 )
                                )
        Defendant,              )
                                )
        and                     )
                                )
LONG ISLAND BANANA COMPANY      )
                                )
                                )
        Garnishee.              )


```
            INSTRUCTIONS TO DEFENDANT-JUDGMENT DEBTOR
            CLERK'S NOTICE OF POST-JUDGMENT GARNISHMENT
```

You are hereby notified that property in which you have a substantial non-exempt interest is being garnished from the Long Island Banana Company ("Garnishee") by the United States, which has a judgment dated November 12, 2003, against Joseph Anemone, Defendant Judgment Debtor ("Debtor"), in the <u>United States v. JOSEPH ANEMONE</u>, CR-01-0056, in the amount of $50,100.00, plus interest.

The outstanding balance on the aforesaid judgment is $50,877.88, including interest, as of October 16, 2009. In addition, you are hereby notified that there are exemptions under the law which may protect some of this property from being taken by the United States if you can show that the exemptions apply.

1

Property which is exempt and which is not subject to this order is listed on the attached Claim for Exemption form.

If you are Joseph Anemone, you have a right to ask the court to return your property to you if you think the property that the United States is taking qualifies under one of the above exemptions or if you think you do not owe the money to the United States that it says you do.

If you want a hearing, you must notify the court within 20 days after you receive this notice.  You must make your request in writing, and either mail it or deliver it in person to the Clerk of the Court at the following address:

>   Clerk of the Court
>   Eastern District of New York
>   United States Courthouse
>   225 Cadman Plaza East, Rm. S118
>   Brooklyn, New York 11201

If you wish, you may use this notice to request the hearing by checking the box below and mailing this notice to the Clerk of the Court at the following address:

>   Clerk of the Court
>   Eastern District of New York
>   United States Courthouse
>   225 Cadman Plaza East, Rm. S118
>   Brooklyn, New York 11201

You must also send a copy of your request to the United States at the following address:

>Mary M. Dickman
>Assistant U.S. Attorney
>United States Attorney's Office
>Attorney for the United States
>271 Cadman Plaza East, 8th Floor
>Brooklyn, New York  11201

so that the United States will know that you want a hearing.

The hearing will take place within 5 days after the Clerk of the Court receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

At the hearing, you may explain to the judge why you believe that the property that the United States has taken is exempt or why you think that you do not owe the money to the United States.

Furthermore, Long Island Banana Company, as Garnishee, is required to file a written answer to the Writ of Garnishment with the court.  The Garnishee is further required to serve you with a copy of the answer.

You may also file a written objection to the answer of the Garnishee within 20 days after receipt of the answer.  In your objection to the answer, you may also request a hearing.

Your written objection must set forth the grounds for any objection and you shall retain the burden of proving such grounds.

A copy of the objection and request for a hearing shall be filed with the Court, and a copies served on Mary M. Dickman, Assistant U.S. Attorney, United States Attorney's Office, 271

Cadman Plaza East, 8th Floor, Brooklyn, New York 11201, on behalf of the United States of America, and the Garnishee or counsel for the Garnishee.

If a hearing is requested, the court shall hold a hearing within 10 days after the request is received by the court, or as soon thereafter as is practicable.  The court will give notice of the hearing date to all parties.  At the hearing you may explain to the judge why you think you do not owe the debt to the United States or why you think the garnished property qualifies under one of the above exemptions.

If you do not request a hearing within 20 days of receiving after receipt of the answer of the Garnishee, the court shall promptly enter an order directing the Garnishee as to the disposition of your nonexempt interest in the property.

If you think you live outside the federal judicial district in which the court is located, you may request, not later than 20 days after you receive this notice, that this proceeding be transferred by the court to the federal judicial district in which you reside.  You must make your request in writing, and either mail it or deliver it in person to the Clerk of the Court, United States Courthouse, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201.  You must also send a copy of your request to the Mary M. Dickman, Assistant U.S. Attorney, United States Attorney's Office, 271

Cadman Plaza East, 8th Floor, Brooklyn, New York 11201, so that the Government will know that you want the proceeding to be transferred.

Be sure to keep a copy of this notice for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Clerk of the Court. The clerk is not permitted to give legal advice, but can refer you to other sources of information.

Dated: October   , 2009

> HONORABLE ROBERT C. HEINEMANN
> Clerk of the Court
> United States District Court
> Eastern District of New York

____   **I request a hearing**

_____
Date                                            Defendant

5

## NOTICE TO DEFENDANT DEBTOR ON
## HOW TO CLAIM EXEMPTIONS

The attached pre-judgment or post-judgment process has been issued upon the request of the United States of America.

The law provides that certain property and wages cannot be taken. Such property is said to be exempt. The attached Claim for Exemption form lists the exemptions under federal law. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (i) fill out the Claim for Exemption Form and (ii) deliver or mail the form to the Clerk's Office of this court and counsel for the United States. You have a right to a hearing within five business days, or as soon as practicable, from the date you file your claim with the court.

If the United States of America, as creditor, is asking that your wages be withheld, the method of computing the amount of wages which are exempt from garnishment by law is described on the last page of the attached Claim for Exemption Form (<u>see</u> Important Statement). You do not need to file a claim for exemption to receive this exemption, but if you believe the wrong amount is being withheld, you may file a claim for exemption.

If you request a hearing, you will be notified when it is scheduled by the court. On the day of the hearing, you should come to court ready to explain why your property is exempted, and you should bring any documents which may help you prove your case. If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights.

It may be helpful to you to seek the advice of an attorney in this matter.

**CLAIM FOR EXEMPTION FORM**
**EXEMPTIONS UNDER FEDERAL LAW (See 18 U.S.C. § 3613)**

I claim the exemption(s) checked below:

_____   1.  Wearing apparel and school books.  See 26 U.S.C. § 6334(a)(1).

_____   2.  Fuel provisions, furniture, and personal effects up to $6,250.  See 26 U.S.C. § 6334(a)(2).

_____   3.  Books and tools of a trade, business or as do not exceed in the aggregate $3,125.00 in value.  See 26 U.S.C. § 6334(a)(3).

_____   4.  Unemployment benefits.  See 26 U.S.C. § 6334(a)(4).

_____   5.  Undelivered mail.  See 26 U.S.C. § 6334(a)(5).

_____   6.  Certain annuity and pension payments.  See 26 U.S.C. § 6334(a)(6).

_____   7.  Workmen's compensation.  See 26 U.S.C. § 6334(a)(7).

_____   8.  Judgments for support of minor children.  See 26 U.S.C. § 6334(a)(8).

_____   9.  Certain service-connected disability payments.  See 26 U.S.C. § 6334(a)(10).

_____   10. Assistance under Job Training Partnership Act.  See 26 U.S.C. § 6334(a)(12).

_____   11. Wages exempt pursuant to 15 U.S.C. § 1673.


Exemptions listed above may not be applicable in child support and alimony cases.  See 42 U.S.C. § 659.

_____          I hereby request a court hearing to decide the validity of my claims.  Notice of the hearing should be given to me by mail at:

_____ or telephonically at _____.
    (Address)                                         (Telephone Number)

        I declare under penalty of perjury that the statements made in this claim of entitlement to exemptions and request for hearing as to exemption entitlement and fair market value of the property designated are true and correct.

Executed on _____, 20__.

Signature _____

_____
Debtor's printed or typed name

**IMPORTANT STATEMENT**
(For Wage Garnishments Only)

This wage garnishment directs the withholdings of up to 25 percent of the judgment debtor's disposable income. In certain cases, however, federal law does not permit the withholding of that much of the debtor's disposable income. See 15 United States Code §1671, et seq.

# I. Possible limitations on the amount that can be withheld

A. If judgment debtor's weekly disposable earnings are less than thirty (30) times the current federal minimum wage, see 29 U.S.C. § 206(a)(1), no deduction can be made under this wage garnishment.

B. The maximum part of the aggregate disposable earnings of any individual for any work week which is subjected to garnishment may not exceed, the lesser of:

1. 25% of a judgment debtor's disposable earnings for that week, or

2. the amount by which the judgment debtor's disposable earnings exceed thirty times the federal minimum hourly wage prescribed by 29 U.S.C. § 206(a)(1) in effect at the time the earnings are payable.

C. The maximum part of the aggregate disposable earnings of an individual for any work week which is subject to garnishment to enforce any order for the support of any person shall not exceed --

1. Where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50% of such individual's disposable earnings for that week; and

2. Where such individual is not supporting such a spouse or dependent child described in clause (1), 60% of such individual's disposable earnings for that week;

3. Except that, if and to the extent such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such work week, the 50% specified in clause (1) shall bee deemed to be 55% and the 60% specified in clause (2) shall be deemed to be 65%.

See 15 U.S.C. § 1673.

# II. Definitions

**Disposable Earnings -** Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

**Gross Income -** Gross income is salary, wages or other income including any and all overtime earnings, commissions and income from trusts, before any deductions are made from such income.